O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| DANTE REYES,<br><br>         Plaintiff,<br><br>    v.<br><br>MARSHALLS OF CA, LLC, et al.,<br><br>         Defendants. | Case № 2:22-cv-01245-ODW (ASx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15]** |

## I.    INTRODUCTION

On January 20, 2022, Plaintiff Dante Reyes initiated this action in state court against Defendants Marshalls of CA, LLC; The TJX Companies, Inc. (together, "Employer Defendants"); and Delmy Hernandez. (Notice of Removal ("NOR") Ex. A ("Complaint" or "Compl."), ECF No. 1-1.)  On February 23, 2022, Marshalls removed the case to this Court based on alleged diversity jurisdiction. (*See* NOR ¶¶ 13–101, ECF No. 1.)  Reyes now moves to remand. (Mot. Remand ("Motion" or "Mot."), ECF No. 15.)  For the reasons that follow, the Court finds that it lacks subject matter jurisdiction and accordingly **GRANTS** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, Reyes alleges that Employer Defendants employed him as a sales associate at one of their Marshalls stores from 2013 until his termination on June 29, 2021. (Compl. ¶¶ 12, 37.) On March 9, 2020, Reyes asked to leave work to go to the doctor regarding gastrointestinal issues and recurring anxiety. (*Id*. ¶ 33.) The store's District Manager, Hernandez, told Reyes he could only leave if he went directly to urgent care and sent her a note. (*Id*.) On March 9, 2020, Reyes went to urgent care. (*Id.*)

Separately, two months later, after having been closed due to COVID-19, Employer Defendants reopened their stores and instituted new social distancing and safety policies, including a policy requiring customers to wear masks while inside the store. (*Id*. ¶ 18.) Reyes informed Hernandez that customers were not adhering to these policies. (*Id*. ¶ 19.) Hernandez did not take corrective action in response to Reyes's stated concerns. (*Id.* ¶ 15).

On one occasion, Reyes asked a customer multiple times to pull her mask up, over her face. Hernandez proceeded to instruct Reyes not to ask customers to pull up their masks more than once. (*Id*. ¶ 34.) The customer began "taunting" Reyes. (*Id.*) Reyes then asked the customer to leave and told her that the return could not be processed on that date. (*Id*.) After this event, Hernandez called Reyes and explained that she and was mad at him for his behavior. (*Id.*) Although Reyes explained to Hernandez that he asked the customer to leave because the customer the customer was being disrespectful, Hernandez reminded Reyes that "the customer was always right" and that Reyes was wrong to remind the customer to pull up her mask more than once. (*Id.*) Hernandez disciplined Reyes. (*Id.*)

On or around June 29, 2021, Employer Defendants fired Reyes for "improper behavior." (*Id.* ¶ 37.)

Reyes alleges these actions constitute harassment and discrimination on the basis of his disabilities. (*Id.* ¶¶ 56, 103.) Reyes also maintains he was discharged in

retaliation for requesting medical leave and other accommodations of his disability, and for complaining about COVID-19-related health and safety violations. (*Id.* ¶ 42.)

On January 20, 2022, Reyes filed a Complaint in state court, asserting the following causes of action: (1) whistleblower retaliation (Cal. Lab. Code § 1102.5); (2) wrongful termination in violation of public policy; (3) discrimination on the basis of disability (Cal. Gov't Code § 12940(a)); (4) failure to accommodate physical disability (Cal. Gov't Code § 12940(m)); (5) failure to engage in interactive process (Cal. Gov't Code § 12940(n)); (6) retaliation in violation of California's Fair Employment and Housing Act ("FEHA") (Cal. Gov't Code § 12940(h)); (7) failure to investigate harassment due to disability in violation of FEHA (Cal. Gov't Code § 12940(j)); (8) failure to prevent discrimination and harassment in violation of FEHA (Cal. Gov't Code § 12940(k)); (9) harassment due to disability in violation of FEHA (Cal. Gov't Code § 12940(j)); (10) unpaid meal periods (Cal. Lab. Code § 226.7); (11) unpaid rest periods (Cal. Lab. Code § 226.7); (12) violation of California Labor Code section 226 (Cal. Lab. Code § 226); (13) violation of California Labor Code section 203 (Cal. Lab. Code § 203); (14) unfair business practices (Cal. Bus. & Prof. § 17200); and (15) intentional infliction of emotional distress ("IIED"). Reyes asserts all fifteen of these causes of action against Employer Defendants and asserts the ninth and fifteenth causes of action against Hernandez.

On February 23, 2022, Employer Defendants removed this action to federal court based on diversity jurisdiction, contending that Hernandez, a California citizen, is a sham defendant whose citizenship should be disregarded for the purposes of diversity. (NOR. 9.) Reyes now moves to remand, arguing that Hernandez is not a sham defendant and that her California citizenship precludes diversity. (*See* Mot 8.) The Motion is fully briefed. (Opp'n, ECF No. 16; Reply, ECF No. 17.) As explained below, Employer Defendants fail to clearly and convincingly show that Reyes would be unable to amend his complaint to state a claim against Hernandez, and accordingly,

the Court cannot ignore Hernandez's California citizenship. Thus, Hernandez's presence in this action defeats the Court's diversity jurisdiction.

### III. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit is filed in state court, the suit may be removed to federal court only if federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

Courts strictly construe the removal statute against removal, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This "strong presumption" against removal demands that a court resolve all ambiguities in favor of remand to state court. *Id.* (quoting *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case shall be remanded." 28 U.S.C. § 1447(c).

### IV. DISCUSSION

Employer Defendants argue that the Court should deny Reyes's Motion, because Reyes did not comply with the Local Rules, Hernandez is a sham defendant, and, alternatively, because Reyes failed to exhaust his administrative remedies. None of these contentions have merit. For the reasons explained below, the Court finds that Employer Defendants fail to persuade the Court that it has subject matter jurisdiction and the Court therefore grants Reyes's Motion.

### A. Local Rule 7-3

Employer Defendants argue that the Court should deny Reyes's Motion because Reyes filed his Motion on the same day counsel conferred, thereby violating Central District Local Rule 7-3. (Opp'n 19.) Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." Local Rule 7-4 further provides that "[t]he Court may decline to consider a motion unless it meets the requirements of L.R. 7-3."

On March 7, 2022, Reyes's counsel informed Employer Defendants' counsel that she was "working on" a motion to remand. (Decl. David Rosenberg ¶ 4, ECF No. 16-1.) The parties agree that on March 16, 2022, their counsel held a conference call, during which Reyes's counsel announced an intention to file a motion to remand. (Reply 13–14; Opp'n 2–3, ECF No. 16.) Reyes's counsel filed the motion on the same day as the call conference, in violation of the Local Rule's seven-day requirement. (Opp'n 20.)

However, "broad deference is given to a district court's interpretation of its local rules." *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002)). Courts have previously refrained from striking motions for failure to follow the local rules when "such denial would equate to accepting jurisdiction over a case over which—as discussed below—the Court has no jurisdiction." *Martin v. Container Store, Inc.*, No. 8:22-CV-00410-CJC (KESx), 2022 WL 1405713, at *2 (C.D. Cal. May 4, 2022). In the instant case, given that the Court finds Hernandez is not a sham defendant, striking the Motion on procedural grounds would equate accepting jurisdiction when the Court in fact has none. Additionally, courts may elect to resolve motions on the merits without determining the adequacy of pretrial conferences. *See, e.g.*, *Johnson v. R&L Carriers Shared Servs., LLC*, No. 2:22-CV-01619-MCS (JPRx), 2022 WL 1568898, at *6

(C.D. Cal. May 18, 2022). Thus, the Court will not disregard Reyes's Motion merely because counsel's meet-and-confer efforts did not technically comply with Local Rule 7-3. Accordingly, the Court rejects this argument and considers Reyes's Motion on its merits.

### B. Fraudulent Joinder

In evaluating whether a case is diverse, district courts may disregard the citizenship of a fraudulently joined non-diverse defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). The Ninth Circuit has established two methods of showing fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'" *Id*. (alteration in original) (quoting *Ritchey & Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). A defendant will not be considered sham, however, where "a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare*, 889 F.3d at 550; *see Sessions v. Chrysler Corp.*, 517 F.2d 759, 760–61 (9th Cir. 1975) (explaining that as long as a plaintiff is entitled to relief on *some* theory against the non-diverse defendant, the specific claims alleged are irrelevant). A defendant claiming diversity on the basis of fraudulent joinder carries a heavy burden; the defendant must establish that the plaintiff cannot assert a claim against the non-diverse defendant under any legal theory, and by any amendment. *See Grancare*, 889 F.3d at 548, 550; *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-CV-03391-RSWL (ASx), 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015). Fraudulent joinder must be proven by clear and convincing evidence," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1988)), which

reflects the "general presumption against [finding] fraudulent joinder." *Grancare*, 889 F.3d at 548 (alteration in original) (quoting *Hunter*, 582 F.3d at 1046).

Here, Reyes alleges Hernandez is liable for harassment in violation of FEHA and for IIED for having harassed Reyes due to his disabilities. (Mot. 6.) Employer Defendants maintain that Hernandez is a sham defendant whose citizenship must be disregarded for removal because a claim cannot be made against her. (Opp'n 7, 13, 14.) As to both the harassment claim and the IIED claim, Employer Defendants fail in their heavy burden to establish that Reyes could not possibly amend his pleadings to state a cause of action against Hernandez. *See Hunter*, 582 F.3d at 1044.

### 1. Harassment Claim

First, Reyes's harassment cause of action against Hernandez is, in theory, viable. California Government Code section 12940(j)(3) provides that "an employee . . . is personally liable for any harassment prohibited by this section that is perpetrated by the employee." Additionally, supervisors may be held personally liable for harassment. *See* Cal Gov't Code § 12940(j)(3) ("An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee, regardless of whether the employer or covered entity knows or should have known of the conduct and fails to take immediate and appropriate corrective action."); *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1178 (N.D. Cal. 2003). Therefore, Reyes can possibly amend his complaint to assert that Hernandez is personally liable for harassment.

Employer Defendants argue that Reyes "does not allege that he or anyone else ever informed Hernandez that he had an alleged disability." (Opp'n 5.) However, Reyes asserts certain facts to refute this assertion, which he can allege in an amended Complaint. (Reply 13.) First, Reyes argues that he submitted medical records to management, which includes Hernandez. (*Id.*) Second, Reyes argues that he complained to Hernandez about her failure to accommodate his disability-based work

restrictions. (*Id.*) Third, Reyes states that he submitted medical leave paperwork to Hernandez. (*Id.*)

Notably, in only arguing that Reyes has not *alleged* that Hernandez was aware of Reyes's disabilities, Employer Defendants are doing no more than stating that Reyes fails to state a claim. Of course, Employer Defendants must do much more than that; they must submit evidence to clearly and convincingly establishes that Hernandez was unaware of Reyes's disabilities and therefore, a cause of action against Hernandez is impossible. As Defendants submit no such evidence, Defendants fail in their burden.

### 2.  *Intentional Infliction of Emotional Distress*

Employer Defendants next argue that Reyes is barred from asserting an IIED claim due to workers compensation exclusivity, which essentially requires that the right to recover compensation is the sole and exclusive remedy of the employee against the employer for all injuries arising out of the of employment. (Opp'n 14–15 (citing Cal. Lab. Code §§ 3600(a), 3602(a).) However, courts have found that IIED claims based on retaliation in violation of FEHA are exempt from workers compensation exclusivity, and harassment that is "severe or pervasive" can satisfy a prima facie case for retaliation. *Light v. Dept. of Parks & Recreation*, 14 Cal. App. 5th 75, 92 (2017). Moreover, "a plaintiff need not perfectly allege a claim that falls outside [the workers compensation exclusivity] preemption in order to avoid a finding of fraudulent joinder." *Munoz v. Ross Aviation Operations, LLC*, No. EDCV-20-01851-CJC (SPx), 2020 WL 5652438, at *3 n.1 (C.D. Cal. Sept. 22, 2020).

Employer Defendants' next argument, that Reyes does not allege conduct that is adequately "extreme and outrageous" for an IIED claim, (Opp'n 17), also does not merit denial of the Motion. However, "even assuming that [defendant's] conduct falls short of extreme or outrageous conduct as currently alleged, it may still be possible for plaintiff to amend his complaint to allege that [the defendant] behaved in a manner that exceeded 'the bounds of conduct tolerated by a decent society.'" *Theno v. Abbott*

*Lab'ys*, No. CV 20-4765-DMG (PVCx), 2020 WL 5991617, at *6 (C.D. Cal. July 15, 2020). Although Employer Defendants argue that Reyes fails to state an IIED claim, Employer Defendants fail to complete their argument by submitting evidence showing it is impossible for Reyes to amend his complaint to allege Hernandez acted in such a manner. *See id.* (holding a court should grant a motion to remand when the defendant is unable to show it would be impossible for a plaintiff to allege sufficient 'extreme or outrageous' behavior).

Consequently, Hernandez is not fraudulently joined, and the Court must consider her citizenship for purposes of diversity jurisdiction. Thus, the parties are not diverse, and the Court must remand this action.

### 3. *Failure to Exhaust Administrative Remedies*

In their Opposition, Employer Defendants contend that remand is nevertheless inappropriate because Reyes did not exhaust his administrative remedies against Hernandez prior to filing this suit, meaning that Reyes has not stated and will not be able to state a claim against her. (Opp'n 14–15.) In order to bring suit under FEHA, an employee must first "'exhaust the . . . administrative remedy' provided by [FEHA], by filing an administrative complaint with the California Department of Fair Employment and Housing (DFEH)." *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1724 (1994) (quoting Cal. Gov't Code § 12960). Additionally, the specific defendant must be named in the caption or body of the DFEH complaint. *Cole v. Antelope Valley Union High Sch. Dist.*, 47 Cal. App. 4th 1505, 1515 (1996).

Here, Employer Defendants argue that Reyes has not exhausted administrative remedies against Hernandez because his DFEH complaint does not name or allege any facts related to her. (Opp'n 5–7.) However, Reyes later amended his DFEH complaint to include Hernandez. (Reply 5–6; Decl. Shahane A. Martirosyan ("Martirosyan Decl.") Ex. A, ECF No. 17-1.) In its written response to the amendment, the DFEH deemed the amended complaint "to have the same filing date of the original complaint," which is November 28, 2021. (Martirosyan Decl., Ex. A.)

Reyes filed this action on February 23, 2022, well after the operative date of the amended DFEH complaint. Because Reyes filed his original DFEH complaint before commencing this action, Reyes's claims against Hernandez will not necessarily be dismissed for failure to exhaust administrative remedies. Therefore, Employer Defendants may not avoid remand on this basis.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Reyes's Motion to Remand, (ECF No. 15), and **REMANDS** the action to the Superior Court of the State of California, County of Los Angeles, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012, Case No. 22STCV02446.

All dates and deadlines are vacated and, accordingly, the Court **DENIES** as **MOOT** Employer Defendants' pending Motion to Compel Arbitration, (ECF No. 21). The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

July 14, 2022

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**